E-FILED
Monday, 27 June, 2005  11:59:45 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF ILLINOIS

AT PEORIA

FILED
APR 1 7 2003
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal No. 02-10117 |
| | ) | |
| 002 - BASIL F MCCLAIN and | ) | VIO:  Title 21, U.S.C. §846, 841(a)(1) |
| 001 - ROBERT G. MCCLAIN, | ) |        841(b)(1)(A) |
| | ) | |
| Defendant. | ) | |

SEALED

## SUPERCEDING INDICTMENT

The Grand Jury charges:

### Count 1
### (Conspiracy)

1.    Beginning in or about 1993, and continuing to in or about June 2001, in Peoria County, within the Central District of Illinois and elsewhere,

**BASIL F. MCCLAIN**
and
**ROBERT G. MCCLAIN,**

the defendants herein, did knowingly combine, conspire with each other and with persons known to the grand jury and persons unknown to the grand jury to commit certain acts in violation of the laws of the United States, to-wit: (A) to knowingly possess with intent to distribute cocaine base (crack), a Schedule II controlled substance; and (B) to knowingly distribute cocaine base (crack), a Schedule II controlled substance, all in violation of Title 21, United States §841(a)(1).

2.    It was part of the conspiracy that certain of the defendants would at various times

1

possess cocaine base (crack) with intent to distribute and distribute cocaine base (crack).

3. This conspiracy involved more than 50 grams of a mixture and substance containing cocaine base (crack).

### Overt Acts

4. In furtherance of the conspiracy and to accomplish its objectives of possessing with intent to distribute and distributing cocaine base (crack), the defendants and both persons known and persons unknown to the grand jury did commit overt acts, including but not limited to the following:

    A. During the period of the conspiracy, various persons would obtain cocaine base (crack);

    B. During the period of the conspiracy, various persons would transport the cocaine base (crack) from locations outside of the Central District of Illinois into the Central District of Illinois;

    C. During the period of the conspiracy, various persons would weigh and repackage the cocaine base (crack);

    D. During the period of the conspiracy, various persons would distribute the cocaine base (crack);

    E. During the period of the conspiracy, various persons would collect money from the sale of the cocaine base (crack);

    F. During the period of the conspiracy, various persons possessed drug paraphernalia used in the drug trafficking business, including but not limited to scales, cutting agents, and packaging material;

2

G..  During the period of the conspiracy, various persons stored cocaine base (crack);

I.  During the period of the conspiracy, various persons met to arrange the distribution of cocaine base (crack), to distribute cocaine base (crack), and to receive money from the sale of cocaine base (crack).

J.  During the period of the conspiracy, various persons possessed United States currency for use in the drug trafficking operation;

K.  During the period of the conspiracy, the persons involved trafficked in more than 50 grams of cocaine base (crack);

L.  During the period of the conspiracy, various persons used the interstate highway system to travel to facilitate the drug trafficking operation.

All in violation of Title 21, United States Code §§846 and 841(b)(1)(A).

## Count 2
### (Distribution of Cocaine Base (Crack))

On or about February 22, 2002 in Champaign County, within the Central District of Illinois and elsewhere, the defendant herein,

**ROBERT G. MCCLAIN,**

did knowingly and intentionally distribute more than five (5) grams of a mixture or substance containing cocaine base (crack), a Schedule II controlled substance.

In violation of Title 21, United States Code §§841(a)(1) and 841(b)(1)(B) and Title 18, United States Code §2.

## Count 3

### (Distribution of Cocaine Base (Crack))

On or about March 5, 2002, in Champaign County, within the Central District of Illinois and elsewhere, the defendant herein,

**ROBERT G. MCCLAIN,**

did knowingly and intentionally distribute more than fifty (50) grams of a mixture or substance containing cocaine base (crack), a Schedule II controlled substance.

In violation of Title 21, United States Code §§841(a)(1) and 841(b)(1)(A) and Title 18, United States Code §2.

A True Bill,

s/Foreperson
_____
**Foreperson**

s/Jan Paul Miller
_____
JAN PAUL MILLER
UNITED STATES ATTORNEY

KTC/ksr



AO 245B (Rev. 8/01) Judgment in a Criminal Case (CDIL)
Sheet 1



# UNITED STATES DISTRICT COURT

Central District of Illinois



FILED
JUN 2 9 2004
JOHN M. WATERS, Clerk
US DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | (For Offenses Committed On or After November 1, 1987) |
| **Robert G. McClain** | Case Number: 02-10117-001 |
| | Stephen M. Komie |
| | Defendant's Attorney |

**THE DEFENDANT:**

[X] pleaded guilty to count(s) 2s and 3s

[ ] pleaded nolo contendere to count(s) _____ which was accepted by the court.

[ ] was found guilty on count(s) _____ after a plea of not guilty.

Accordingly, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) and 18 U.S.C. § 2 | Distribution of More than 5 Grams of Cocaine Base "Crack" | 02/22/2002 | 2s |
| 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) and 18 U.S.C. § 2 | Distribution of More than 50 Grams of Cocaine Base "Crack" | 03/05/2002 | 3s |

The defendant is sentenced as provided in pages 2 through __6__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has been found not guilty on count(s) _____

[X] Count(s) 1-3 and 1s  [ ] is  [X] are dismissed on the motion of the United States.

IT IS ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Defendant's Soc. Sec. No.: _____

Defendant's Date of Birth: _____

Defendant's USM No.: _____

Defendant's Residence Address:
_____
_____
_____

Defendant's Mailing Address:
SAME AS ABOVE

June 23, 2004
Date of Imposition of Judgment

s/Michael M. Mihm
Signature of Judicial Officer

Michael M. Mihm,
U.S. District Judge
Name and Title of Judicial Officer

June 29, 2004
Date



AO 245B  (Rev. 8/01) Judgment in Criminal Case
         Sheet 2 — Imprisonment

---

DEFENDANT: Robert G. McClain
CASE NUMBER: 02-10117-001

Judgment — Page 2 of 6

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 120 months on each of Counts 2s and 3s to be served concurrently.

[x] The court makes the following recommendations to the Bureau of Prisons:

It is recommended that the Defendant serve his sentence in a facility as close to his family in Champaign, IL, as possible that will allow him to 1) participate in the Comprehensive Drug Treatment Program and 2) maximize his exposure to educational and vocational opportunities.

[ ] The defendant is remanded to the custody of the United States Marshal.

[ ] The defendant shall surrender to the United States Marshal for this district:

  [ ] at _____ [ ] a.m. [ ] p.m. on _____.

  [ ] as notified by the United States Marshal.

[x] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  [x] before 2:00 p.m on July 19, 2004.

  [ ] as notified by the United States Marshal.

  [ ] as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B    (Rev. 8/01) Judgment in a Criminal Case
            Sheet 3 — Supervised Release

DEFENDANT: Robert G. McClain  
CASE NUMBER: 02-10117-001

Judgment—Page 3 of 6

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of  5 years on each of Counts 2s and 3s to be served concurrently.

    The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

    The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and two periodic drug tests thereafter.

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

☒   The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

    If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

    The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from any    use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.





AO 245B    (Rev. 8/01) Judgment in a Criminal Case
           Sheet 3A — Supervised Release

DEFENDANT: Robert G. McClain
CASE NUMBER: 02-10117-001

Judgment—Page 4 of 6

## SPECIAL CONDITIONS OF SUPERVISION

1. You shall refrain from any use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician. You shall, at the direction of the probation office, participate in a program for substance abuse treatment, including testing to determine whether you have used controlled substances and/or alcohol. You shall pay for these services as directed by the probation officer. 2. You shall participate in a program of job training or employment counseling as directed by the probation officer. 3. You shall not own, purchase, or possess a firearm, ammunition, or other dangerous weapon. 4. You shall obtain a G.E.D. during the term of supervision.



AO 245B    (Rev. 8/01) Judgment in a Criminal Case
Sheet 4 — Criminal Monetary Penalties

|  |  | Judgment — Page 5 of 6 |
|---|---|---|

**DEFENDANT:** Robert G. McClain
**CASE NUMBER:** 02-10117-001

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| **TOTALS** | $200.00 | $ | $ |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
|  |  |  |  |

| **TOTALS** | $ | $ |
|---|---|---|

☐ If applicable, restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

  ☐ the interest requirement is waived for the  ☐ fine and/or  ☐ restitution.

  ☐ the interest requirement for the  ☐ fine and/or  ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245B  (Rev. 8/01) Judgment in a Criminal Case
Sheet 4A — Criminal Monetary Penalties



Judgment — Page 6 of 6

DEFENDANT: Robert G. McClain
CASE NUMBER: 02-10117-001

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A  [x] Lump sum payment of $ 200.00 due immediately, balance due

    [ ] [ ] not later than _____, or
    [ ] in accordance with [ ] C, [ ] D, or [ ] E below; or

B  [ ] Payment to begin immediately (may be combined with [ ] C, [ ] D, or [ ] E below); or

C  [ ] Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  [ ] Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  [ ] Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise in the special instruction above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ] Joint and Several

    Defendant Name, Case Number, and Joint and Several Amount:

[ ] The defendant shall pay the cost of prosecution.

[ ] The defendant shall pay the following court cost(s):

[ ] The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.