UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
AT PEORIA

| | |
|---|---|
| ROBERT MCCLAIN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 05-1187 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**GOVERNMENT'S RESPONSE TO §2255 MOTION TO VACATE,
SET ASIDE OR CORRECT SENTENCE**

Now comes the Respondent, the United States of America, by and through its attorneys, Jan Paul Miller, United States Attorney, and K. Tate Chambers, Supervisory Assistant United States Attorney for the Central District of Illinois, and in response to the petitioner's Motion to Vacate, Set Aside or Correct Sentence brought pursuant to 28 U.S.C. §2255, states as follows:

**STATEMENT OF FACTS**

1.  On November 20, 2002, a federal grand jury, sitting in the Central District of Illinois, returned a three-count indictment charging Robert McClain in Count One, with conspiring to distribute cocaine and cocaine base (crack), in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). (R.1)[1] Count Two alleged that Robert McClain did knowingly and intentionally distribute more than five (5) grams of a mixture or substance containing cocaine base (crack), in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). Count Three charged the petitioner with

---

[1] References to the Record are to "R.____"; References to the Respondent's Appendix are to "App.____"; References to the Petitioner's Motion are to "Pet.Mot.___"; References to the Petitioner's Memorandum are to "Pet.Mem. ____".

1

distribution of more than fifty (50) grams of a mixture or substance containing cocaine base (crack), in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A).

    2.    On April 17, 2003, a three-count Superceding Indictment was filed. (R.19) Count One expanded the time frame of the conspiracy and added a new defendant, Basil McClain. Counts Two and Three remained unchanged from the original indictment.

    3.    On October 28, 2003, Robert McClain entered a blind guilty plea to Counts Two and Three of the Superceding Indictment. (docket entry 10/28/03)

    4.    On June 23, 2004, the district court sentenced the petitioner to 120 months on each of Counts Two and Three, to run concurrently, and five years of supervised release. (R.75) The court also ordered him to pay a $200 special assessment. (docket entry 6/23/04)

    5.    On June 27, 2005 McClain filed the current motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255. (docket filed under this case number) (R.1) In his motion, McClain argues that 1) he received ineffective assistance of counsel because his counsel advised him not to appeal his sentence; and 2) the district court erred in imposing the statutory mandatory minimum sentence of ten years according to 21 U.S.C. § 841(b)(1)(A).

**A. Claim Two is not properly raised in this petition.**

    6.    The petitioner complains that he did not possess over 50 grams of crack cocaine. (Pet.Mem.12) "Instead, petitioner possessed over 50 grams of cocaine base which is scientifically synonymous with powder cocaine." (Pet.Mem.12)

    7.    A petitioner is barred from raising in a §2255 proceeding constitutional issues that could have been raised earlier unless he or she can show good cause and prejudice. *Bontkowski v. United States*, 850 F.2d 306, 313 (7th Cir. 1988). Non-constitutional errors that could have

been raised on appeal are barred in a §2255 proceeding, regardless of cause and prejudice. *Id.* Therefore, a petitioner may not raise three types of issues: (1) issues that he or his attorneys raised on direct appeal, absent a showing of changed circumstances; (2) non-constitutional issues that could have been, but were not, raised on direct appeal; or (3) constitutional issues that were not raised on direct appeal, unless petitioner can show both good cause for, and prejudice from, the procedural default. *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992), *overruled on other grounds*, *sub nom. Castellanos v. United States*, 26 F.3d 717 (7th Cir. 1994) A §2255 motion is neither a recapitulation of nor a substitute for a direct appeal. *Olmstead v. United States*, 55 F.3d 316, 319 (7th Cir. 1995).

8. Habeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations. *United States v. Prewitt*, 83 F.3d 812, 816 (7th Cir. 1996). To succeed on a § 2255 petition a convicted defendant must show that the district court sentenced him in violation of the Constitution or laws of the United States or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack. *Id.*

9. The petitioner did not raise this argument on direct appeal. His sentence did not exceed the maximum authorized by law. In fact, his sentence did not exceed the statutory mandatory minimum. The petitioner therefore, is not entitled to relief via a § 2255 petition.

**B. The petitioner has waived his right to raise Claim Two.**

10. On October 28, 2003 the petitioner entered a guilty plea to Counts Two and Three of the Superseding Indictment. (docket entry 10/28/03) Both Counts alleged that Robert McClain did knowingly and intentionally distribute a mixture or substance containing cocaine base (crack). (R.19)

11. At his plea hearing, the petitioner told the Court that he understood that he was entering a guilty plea to Counts Two and Three of the indictment that charged distribution of crack cocaine:

| | |
|---|---|
| [THE COURT] | Have you received a copy of the indictment pending against you; that is, the written charges made against you in this case? |
| [DEFENDANT] | Yes, your Honor. |
| [THE COURT] | Have you fully discussed those charges and the case in general, including any possible defenses that you might have with Mr. Komie as your attorney? |
| [DEFENDANT] | Yes, your Honor. |
| [THE COURT] | Are you fully satisfied with the counsel representation and advice given to you in this case by your attorney, Mr. Komie? |
| [DEFENDANT] | Yes, your Honor. |
| [THE COURT] | As I understand it, you're going to enter a plea of guilty to Count II and Count III of the indictment; is that correct? |
| [DEFENDANT] | Yes, sir. |
| [THE COURT] | Both of those counts charge distribution of crack cocaine, and as I understand it, the Government at the time of sentencing is going to move to dismiss Count I, the conspiracy count? |
| [MR. CHAMBERS] | That's correct, your Honor. |
| [THE COURT] | Is that your understanding? |
| [DEFENDANT] | Yes, your Honor. |

(R.97, pp.9-10)

12. The petitioner told the Court that he had engaged in a crack cocaine transaction with respect to Counts Two and Three of the indictment:

| | |
|---|---|
| [THE COURT] | And I want to discuss what you did here to satisfy myself that you are, in fact, guilty as charged. Beginning with Count II, going back to February 22nd, 2002, were you in Champaign County sometime that day? |
| [DEFENDANT] | Yes, your Honor. |
| [THE COURT] | Did you engage in a transaction involving crack cocaine that day? |
| [DEFENDANT] | Yes, your Honor. |

(R.97, p.21)

\* \* \*

| | |
|---|---|
| [THE COURT] | What did you do? |
| [DEFENDANT] | I sold drugs. |
| [THE COURT] | Who did you sell the drugs to? Was it a real drug dealer or an undercover officer or a confidential informant, do you know? |
| [DEFENDANT] | Not exactly, Your Honor. |
| [THE COURT] | All right. What was the drug that you believed you were selling at that time? |
| [DEFENDANT] | Cocaine. |
| [THE COURT] | Cocaine or crack cocaine? |
| [DEFENDANT] | Crack cocaine. |

(R.97, p.22)

\* \* \*

| | |
|---|---|
| [THE COURT] | Okay. And then in regard to Count III, which allegedly occurred on March 5th, were you in Champaign County on that day? |
| [DEFENDANT] | Yes, your Honor. |
| [THE COURT] | And did you engage in a crack cocaine transaction on that day? |
| [DEFENDANT] | Yes, your Honor. |
| [THE COURT] | Where did that happen, do you remember? |
| [MR. CHAMBERS] | Your Honor, that transaction occurred at the parking lot of the McDonald's restaurant located at 1812 North Neil Street in Champaign. |
| [THE COURT] | Does that refresh your recollection as to where it occurred? |
| [DEFENDANT] | Yes, your Honor. |
| [THE COURT] | What did you do at that time? |
| [DEFENDANT] | I engaged in a crack cocaine transaction. |
| [THE COURT] | Did you believe it to be crack cocaine? |
| [DEFENDANT] | Yes, your Honor. |
| [THE COURT] | How much did you sell? Was it more than 50 grams? |
| [DEFENDANT] | More than 50 grams, yes, sir. |

(R.97, pp. 23-24)

13. In the petitioner's presentence report, the offense conduct described the crack cocaine transactions that occurred in Counts Two and Three of the indictment:

> While under video surveillance, four black males arrived at the restaurant in a gray Chevrolet Monte Carlo, and entered the restaurant. Shortly afterwards, a gold Dodge Intrepid entered

6

> Wendy's parking lot and parked next to the Monte Carlo. A black male exited the restaurant and briefly spoke with the driver of the Intrepid. After a brief meeting, the driver of the Intrepid left the parking lot. The CS entered Wendy's parking lot and parked next to the Monte Carlo. A black male, determined to be Robert McClain, exited Wendy's and entered the CS's vehicle for a short period and then returned to the restaurant. The CS left the parking lot and met with TFX agents at their designated area. The CS stated that he gave defendant McClain the $900 United States currency/official advanced funds (USC/OAF), and in return McClain gave the CS 26.8 grams of crack cocaine (lab weight).

(R.72; pp.4-5; ¶9)

> TFX agents observed occupants of a dark vehicle meet with the occupants of the white Ford Expedition prior to the Expedition proceeding to the McDonald's on Neil Street. The CS received a telephone call from McClain and the CS advised McClain that the CS was already at the McDonald's waiting on him (McClain). McClain arrived at the restaurant in the Expedition and exited from the passenger side of the vehicle. McClain then entered the CS's vehicle and, shortly afterwards, returned to the Expedition. After the CS's meeting with McClain, the CS met with TFX agents at a pre-arranged location. The CS told agents that the CS gave McClain $1,700 USC/OAF, and in return, McClain gave the CS 54 grams of crack cocaine (lab weight).

(R.72; p.5; ¶11)

  14. At his sentencing hearing on June 23, 2004, the petitioner filed six objections to the presentence report. (R.96, p.2) However, he did not raise an objection concerning the claim he now makes: that he possessed powder, not crack cocaine. (R.96, pp.2-11) The objections he raised were: 1.) that the 2002 edition of the U.S.S.G. manual should be used, rather than the November 5, 2003 edition of the U.S.S.G. manual; 2.) that the petitioner's base offense level should be calculated according to U.S.S.G § 2D1.1(c)(12) rather than U.S.S.G. § 2D1.1(c)(4) because of the disparity in the guidelines between powder cocaine and crack cocaine; 3.) the addition of seven criminal history points for traffic offenses; 4.) the addition to two criminal

7

history points because the defendant was on probation when he committed the offense; 5) that his extraordinary family circumstances should be taken into consideration; and 6) that the criminal history category should be a III not a V. (R.96, pp.2-11)

15. After the six objections were discussed and rulings were made as to each, Judge Michael M. Mihm asked the petitioner:

> [THE COURT] Based on your reading and review, other than the items we've already addressed, is there anything else in the report you feel is inaccurate or incomplete that you wish to challenge?
>
> [THE DEFENDANT] No, sir.

(R.96, p.11)

16. Waiver is the "intentional relinquishment or abandonment of a known right." *United States v. Valenzuela*, 150 F.3d 664, 667 (7th Cir.1998). Waiver represents the manifestation of an intentional choice. *United States v. Cooper*, 243 F.3d 411, 416 (7th Cir. 2001). Waiver is distinct from forfeiture, which is an accidental or negligent omission, or "an apparently inadvertent failure to assert a right in a timely fashion." *Id*.

17. The petitioner pled guilty to distribution of crack cocaine. The petitioner did not object at his sentencing hearing to say that he had possessed powder cocaine, not crack cocaine. He objected to the disparity between powder and crack in the United States Sentencing Guidelines, but did not argue about whether he had possessed crack cocaine. He did not file a direct appeal. This claim has been waived.

**C. The petitioner was advised of a ten year mandatory minimum sentence for Count Three.**

18. The petitioner complains that his counsel had predicted "a five year sentence in

exchange for a plea to Counts 2 and 3." (Pet.Mem.2) He further states that "[p]etitioner signed the plea agreement and informed his family of Mr. Komie's prediction." (Pet.Mem.2)

19.    The record does not comport with the claims of the petitioner.  First, there was no written plea agreement in this matter. (R.72, ¶3) Additionally, the petitioner was advised at his plea hearing as to his maximum potential sentence:

> [THE COURT]    Do you understand all of these possible consequences of your plea –
>
> [DEFENDANT]    Yes, your Honor.
>
> [THE COURT]    – as to Count II?
>
> And as to Count III, without a prior felony drug conviction, the penalties for that are a mandatory minimum of ten years up to life, a fine of up to $4 million, a supervised release term of five years to life and a special assessment of $100; do you understand?
>
> [DEFENDANT]    Yes, your Honor.
>
> [THE COURT]    And, again, I assume that the ten-year mandatory minimum of Count III is driven by the weight; is that correct?
>
> [MR. CHAMBERS]    That's correct, your Honor.

(R.97, pp.13-14)

20.    When the record conclusively demonstrates that the defendant is entitled to no relief, a §2255 motion may be dismissed without an evidentiary hearing. *United States v. Prewitt*, 83 F.3d 812, 820 (7th Cir. 1996). The record does not support the petitioner's claims that he signed a written plea agreement or that a ten year sentence was a surprise, when he had been advised of the ten year mandatory minimum with respect to Count Three.

**D.  The petitioner's counsel was not ineffective.**

21.    In his motion, McClain argues that his counsel was ineffective because he advised

9

him against filing an appeal.  (Pet.Mot. 4)   The petitioner alleges that his counsel "advised that if an appeal was taken it would result in an increased sentence.  Specifically, counsel stated that the appellate court would reinstate the criminal history category to V (under the Federal Sentencing Guidelines), instead of level III which the district court departed to based on overrepresentation of petitioner's criminal history."  (Pet.Mot. 6-7)

22. In order to prevail in his claim of ineffective assistance of counsel, petitioner must show that his trial counsel's performance was objectively deficient and that the deficient representation caused prejudice to him.  *United States v. Galbraith*, 313 F.3d 1001, 1008 (7th Cir. 2002) *citing Strickland v. Washington*, 466 U.S. 668, 688 (1984).  In assessing counsel's performance, a court "evaluate[s] the conduct from counsel's perspective at the time, and must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance."  *United States v. Ashimi*, 932 F.2d 643, 648 (7th Cir. 1991) (citing *Strickland*, 466 U.S. at 689).

23. Petitioner's claims do not demonstrate deficient representation or prejudice as required by the Strickland test.  At the sentencing hearing, defense counsel Steven Komie objected to the criminal history category of V and proposed that a category III more accurately reflected the defendant's criminal history.  (R.96, p.7-10) The Court adopted the position of the defendant.  (R.96, p.10)  As a result, the guideline range was lowered to 108 - 135 months, rather than 140 - 175 months.  The mandatory minimum of 120 months became the bottom of the guideline range, thus reducing the bottom of the range twenty months from the original 140 months.  The petitioner received a lower sentence due to the efforts of his attorney.

24. The government requested an affidavit from the petitioner's counsel, Mr. Komie

on July 5, 2005, but to date has not received it. If Mr. Komie indeed advised the petitioner against filing an appeal as alleged in his petition, the petitioner has offered no facts or legal authority to show that he was prejudiced by his attorney's advice. This claim must fail.

## CONCLUSION

Wherefore, for the reasons stated above, the government respectfully requests that this Honorable Court deny the petitioner's motion filed pursuant to 28 U.S.C. §2255.

Respectfully submitted,

UNITED STATES OF AMERICA

JAN PAUL MILLER
UNITED STATES ATTORNEY

s/K. Tate Chambers
K. Tate Chambers
Assistant United States Attorney

Office of the United States Attorney
One Technology Plaza - Suite 400
211 Fulton Street
Peoria, Illinois 61602
Telephone: 309/671-7050

**CERTIFICATE OF SERVICE**

I hereby certify that on August 22, 2005 I electronically filed the foregoing **RESPONSE TO MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE BROUGHT PURSUANT TO 28 U.S.C. §2255** with the Clerk of the Court using the CM/ECF system. Service has also been made on the petitioner by depositing a copy thereof in the United States mail, postage prepaid, addressed to:

>Robert McClain
>#13118-026
>FCI Pekin
>P.O. Box 5000
>Pekin, Illinois  61555

<u>Aug. 22, 2005</u>                <u>s/Diane Hayes                    </u>
Date                    Paralegal Specialist