E-FILED
Tuesday, 27 September, 2005 03:10:18 PM
Clerk, U.S. District Court, ILCD

Robert G. McClain
Reg. No. 13118-026
FCI Pekin
P.O. Box 5000
Pekin, Illinois 61555-5000

Appearing Pro Se

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

ROBERT G. MCCLAIN,  )  Civil No. 05-1187
    Petitioner,  )
      )
v.  )  PETITIONER'S TRAVERSE TO
      )  GOVERNMENT'S RESPONSE ON
      )  MOTION TO VACATE PURSUANT
UNITED STATES OF AMERICA,  )  TO 28 U.S.C. § 2255
    Respondent.  )

FILED
SEP 27 2005
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

NOW COMES the Petitioner, Robert McClain, appearing pro se, and respectfully submits this Traverse, and states as follows:

## PROCEDURAL HISTORY

On October 28, 2003, petitioner entered a guilty plea on two federal narcotic violations. On June 23, 2004, petitioner was sentenced to 120 months imprisonment.

On June 27, 2005, petitioner filed a timely motion to vacate pursuant to 28 U.S.C. § 2255. In the motion, petitioner argued that: (1) counsel's advice was deficient and without this deficient advice, petitioner would have otherwise taken an appeal of his sentence; and (2) under United States v. Edwards, 397 F.3d 570

(7th Cir.2005), the district court erred in imposing a mandatory minimum sentence of ten years pursuant to 21 U.S.C. § 841(b)(1)(A).

On August 22, 2005, the government filed a response to the motion to vacate. The government, to no suprise, asked the district court to deny the § 2255 motion.

Shortly thereafter and due to the inadequacies of the FCI Pekin mail room, petitioner filed a request for an extension to submit the foregoing traverse.

This traverse now follows.

## ARGUMENTS

A:  <u>Edwards</u> claim

The government spends the majority of their argument contesting petitioner's <u>United States v. Edwards</u>, 397 F.3d 570 (7th Cir.2005), sentencing claim. <u>See</u> <u>Government's Response</u>, at 2-9(hereinafter "<u>Gov.R</u>, ___"). However, the government misconstrues the nature of petitioner's § 2255 motion.

Petitioner only requests a merit adjudication of his <u>Edwards</u> claim if the district court first denies his ineffective assistance of counsel claim. In the event that petitioner is successful on the ineffective claim, he would be in a position to raise the <u>Edwards</u> claim, as well as others, on direct appeal. [1]

Petitioner is not contending, as the government suggests, that he possessed powder cocaine rather than crack cocaine. <u>See</u> <u>Gov.R</u>, at 2 ¶6, 8 ¶17. Consistent with <u>Edwards</u>, petitioner argues that

---

[1] Indeed, the main reason petitioner presented the <u>Edwards</u> issue was to establish a non-frivolous claim that he would have advanced on direct appeal had counsel been effective. <u>See</u> <u>Roe v. Flore-Ortega</u>, 528 U.S. 470,485 (2000)(noting that the presentment of nonfrivolous appeal grounds is highly relevant in determining the prejudice prong).

2

he possessed cocaine base rather than crack cocaine.

Equally unavailing is the government's waiver argument. Since petitioner did not raise an Edwards argument at sentencing, the government would have the court believe that the Edwards issue was waived. See Gov.R, at 8 ¶17. Of course, an examination of any Federal Reporter shows that defendants routinely fail to raise certain arguments at sentencing, yet the issues are reviewed for plain error on direct appeal. In those cases, the Seventh Circuit has maintained that the sentencing issues were forfeited rather than waived.

One last point, before Edwards cocaine base was synonamous with crack cocaine for sentencing purposes in the Seventh Circuit. Therefore, any concession made by the petitioner in the plea hearing is irrelevant. If petitioner believed cocaine base and crack was the same, then his plea to crack has no bearing on whether the substance actually possessed was crack or cocaine base.

B:  Ineffective Assistance of Counsel Claim

In arguing that the ineffective claim should be denied, the government contended that: (1) because "petitioner received a lower sentence due to the efforts of his attorney," counsel was not ineffective for giving erroneous advice regarding petitioner's appellate rights; (2) the government requested but never received an affidavit from counsel; and (3) petitioner offered no facts or legal authority to establish prejudice. See Gov.R, at 10 ¶23, 10-11 ¶24. These contentions are misplaced and should be rejected.

3

The sophmoric nuances of the government's first argument can be quickly dismissed. Petitioner is not raising a sentencing ineffective assistance of counsel claim. Rather, petitioner challenges his lawyer's erroneous advice following sentencing that lead to the abandonment of an appeal that he would have otherwise taken. To this extent, petitioner will concede that counsel's performance was reasonable at sentencing; since the government's silence on this issue is a concession that counsel rendered deficient performance when advising petitioner following sentencing.

Like the government, petitioner also requested an affidavit from counsel, but to no avail. See Declaration of Robert McClain, at ¶6 (hereinafter "McClain, ___"). Counsel is aware of the allegations contained herein and has never denied them. This is all the more reason for an evidentiary hearing in which counsel could testify to these matters.

Contrary to the government's position, petitioner presented legal arguments which establish prejudice. First, petitioner argued that the applicable prejudice inquiry was governed by Roe v. Flores-Ortega, 528 U.S. 470 (2000). See Motion to Vacate, at 5. The Flores-Ortega Court held that when a lawyer's deficient performance deprives a defendant of an appeal altogether then the usual adverse effect inquiry is altered. Id. 528 U.S. at 483-84. The appropriate standard is had the defendant "received reasonable advice from counsel about the appeal" whether "he would have instructed his counsel to file an appeal." Id. at 496.

Furthermore, petitioner presented facts which establish prejudice. "[E]vidence that there were nonfrivolous grounds for an appeal or that the defendant in question properly expressed a desire to appeal will often be highly relevant in making this determination." Flores-Ortega, 528 U.S. at 485-86. Petitioner presented both: (1) a nonfrivolous Edwards claim; and (2) a specific and detailed declaration stating that he immediately informed counsel of his desire to appeal the sentence. Now, petitioner submits another declaration and two affidavits supporting his claims. Both Nicole Connors and Janine Smith state that they were present when petitioner told his attorney that he wanted to appeal following the June 23, 2004 sentencing hearing. See Exhibits "B" & "C". Since petitioner is unable to secure an affidavit from counsel and because the government has not contested these facts, petitioner has presented sufficient evidence to warrant a hearing.

C:  Evidentiary Hearing

The government makes a half-hearted attempt arguing against an evidentiary hearing. Gov.R, at 9 ¶20. However, under the facts presented petitioner is entitled, under the relevant precedent, to a hearing.

Section 2255 provides that "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relied, the court shall ... grant a prompt hearing thereon ..." 28 U.S.C. § 2255. Rule 8 of the Rules Governing § 2255 proceedings requires a hearing when the standards in

Townsend v. Sain, 372 U.S. 293 (1963), are met. See Advisory Committee Note to Rule 8 of the Rules Governing § 2255 Proceedings.

Under Townsend, a hearing must be held if the petitioner alleges facts that, taken as true and if proved, entitle the petitioner to relief. See Townsend, 372 U.S. at 312. Moreover, any material factual dispute and especially a material factual dispute concerning actions by counsel taken outside of the trial court warrants a hearing because the court cannot determine the factual dispute from the record. See Gailbraith v. United States, 313 F.3d 1001, 1009 (7th Cir.2002)(citing cases); see e.g., Chang v. United States, 250 F.3d 79, 85 (2nd Cir.2001).

Here, petitioner has presented facts which, if proved, entitle him to relief. Because the government's concession on the deficient performance prong, the only dispute is whether petitioner would have taken an appeal absent counsel's erroneous advice. Petitioner has presented specific and detailed facts that on June 23, 2004, he requested that counsel appeal his sentence. This evidence has been confirmed by Nicole Connors and Janine Smith. Indeed, at this point there is an absence of a material factual dispute due to the government's argument that petitioner presented no facts (not that the facts presented are not true) which entitles petitioner to relief. In any event, there is sufficient evidence establishing that petitioner wanted to appeal, and an evidentiary hearing is clearly warranted.

## CONCLUSION

**WHEREFORE**, petitioner requests that this Court grant his motion to vacate or in the alternative, issue an order for an evidentiary hearing.

Dated:  September 19, 2005

>Respectfully submitted,
>
>*/s/ Robert G. McClain*
>Robert G. McClain
>Reg. No. 13118-026
>FCI Pekin
>P.O. Box 5000
>Pekin, Illinois 61555-5000
>
>Appearing Pro Se

## CERTIFICATE OF SERVICE

I, Robert G. McClain, hereby certify that I have placed a true and correct copy of the herein and foregoing in the FCI Pekin Legal mailbox, firstclass postage prepaid and properly addressed to the following on this 19th day of September, 2005.

K. Tate Chambers
Assistant United States Attorney
One Technology Plaza
211 Fulton Street, Suite 400
Peoria, Illinois 61602

>*/s/ Robert G. McClain*
>Robert G. McClain

EXHIBIT A

## DECLARATION OF ROBERT G. MCCLAIM

I do hereby declare, under penalty of perjury, that the foregoing statements are true and correct. I declare the following:

1. That I contacted attorney Stephen Komie in March of 2005, to question him regarding his representation in my federal criminal case.

2. That Mr. Komie remembered advising me against taking an appeal because he believed the government would cross appeal and I would get more time.

3. That Mr. Komie remembered me telling him that I wanted to appeal my sentence.

4. That it was Mr. Komie who suggested that I file an ineffective assistance of counsel claim based upon his appeal advice.

5. That in April of 2005, I sent Mr. Komie a letter requesting that he confirm these facts in writing

6. That I never received a reply from Mr. Komie.

7. That until Mr. Komie's advice, I planned on appealing my sentence.

FURTHER DECLARANT SAYETH NAUGHT

Dated: 9-19-05

Robert G. McClain
Reg. No. 13118-026
FCI Pekin
P.O. Box 5000
Pekin, Illinois
61555-5000

Appearing Pro Se

EXHIBIT B

1:05-cv-01187-MMM    # 8    Page 10 of 13

## AFFIDAVIT OF NICOLE CONNORS

I do hereby state under penalty of perjury that the foregoing statements are true and correct. I state the following:

1. That I am the fiance of Robert G. McClain.

2. That I have been involved in Robert G. McClain's criminal case and have knowledge of the proceedings.

3. That on or about June 23, 2004, I was present for a meeting between Robert G. McClain and his attorney Stephen Komie.

4. That Robert G. McClain and myself both stated that we wanted Stephen Komie to file an appeal on Robert's behalf.

5. That Stephen Komie advised us that Robert's sentence would be increased if he filed an appeal.

6. That Robert G. McClain and myself both asked Mr. Komie why Robert did not receive a 5 year sentence as Mr. Komie had previously promised.

7. That Robert G. McClain decided against an appeal based solely on the advice of Stephen Komie.

8. That Robert G. McClain always wanted to appeal his sentence.

FURTHER AFFIANT SAYETH NAUGHT

Date: 9/1/05

Executed on: 9/1/05

Nicole Connors

Notary Public

OFFICIAL SEAL
TERESA A. GRAHAM
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 12/10/06

EXHIBIT C

## AFFIDAVIT OF JANINE SMITH

I do hereby state under penalty of perjury that the foregoing statements are true and correct. I state the following:

1. That I am a friend of Robert G. McClain.

2. That on or about June 23, 2004, I was outside the United States District Courthouse for the Central District of Illinois, for a discussion between Robert G. McClain and his attorney Stephen Komie.

3. That I heard Robert G. McClain tell Stephen Komie that he wanted to appeal his sentence.

4. That Mr. Komie advised Robert G. McClain against appealing his sentence.

5. That through discussions with Robert G. McClain, his mother Dora Crawford, and his fiance Nicole Connors, the reason Robert G. McClain did not appeal his was based on Mr. Komie's advice.

Date: 08/04/05

Janine Smith

Executed on: 8/4/05

Notary Public

OFFICIAL SEAL
TERESA A. GRAHAM
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 12/10/06