E-FILED
Wednesday, 21 December 2005 03:56:17 PM
Clerk, U.S. District Court, ILCD

FILED
DEC 2 1 2005
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

UNITED STATES DISTRICT COURT
OF THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT G. MCCLAIN, ) | |
| ) | Civil Case No.  05-1187 |
| Petitioner, ) | Criminal Case No. 02 CR 10117 |
| vs. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | Hon. Michael Mihm |
| ) | District Judge, Presiding |
| Respondent. ) | |

| | |
|---|---|
| STATE OF ILLINOIS ) | |
| ) ss. | |
| COUNTY OF COOK ) | |

### AFFIDAVIT

Now comes, STEPHEN M. KOMIE, having been placed upon oath, having been duly sworn, deposes and states the following:

1.   That affiant, STEPHEN M. KOMIE, is of legal age, sound mind and under no legal disability.

2.   That affiant is an attorney licensed to practice law by the Supreme Court of Illinois and the United States District Court for the Central District of Illinois.

3.   That affiant practiced law for 29 years in both the state and federal courts of the nation.

4.   That affiant was retained by ROBERT G. MCCLAIN to represent him in connection with the charges before the United States District Court for the Central District of Illinois at Peoria in case number 02 CR 10117.

1

5. That on June 23, 2004, the Court held a sentencing hearing. At said hearing, the Court sentenced the Defendant to the mandatory minimum of 120 months to run concurrent on each of the 2 counts.

6. That the Defendant, ROBERT G. MCCLAIN, instructed his attorney not to file a notice of appeal after the sentence was imposed.

7. That on October 28, 2003, the Defendant, ROBERT G. MCCLAIN, entered a plea of guilty to Counts II and III of the superceding indictment. At said time, the District Court reviewed with the Defendant the potential penalties, to wit, there was a ten-year mandatory minimum up to a life sentence authorized by law on Count III of the Indictment.

8. That affiant's memory of the plea included the Defendant acknowledging the mandatory minimum sentence on Count III.

9. That prior to sentencing, the Defendant was offered an opportunity to cooperate with the government in the prosecution of other persons. The Defendant declined to assist the government in the prosecution of others.

10. That the Defendant's cooperation was fully discussed with his counsel as well as the power of the government to request the Court to depart from the mandatory minium in return for the Defendant's cooperation. Throughout these discussions the Defendant remained steadfast in his refusal to testify against others.

11. That at the time the Defendant was sentenced, the sentencing guidelines were mandatory. In light of the mandatory nature of the guidelines, counsel was concerned should Judge Mihm's decision to reduce the criminal history of a Category 5 to a Category 3 be

2

reviewed, a higher court could reverse and remand, thus, the Defendant would suffer serving a greater sentence.

12. That affiant advised the Defendant in his professional opinion appealing the mandatory minimum sentence could result in the appellate court opinion reversing the trial court. Further, an appeal could lead to a remand to impose a harsher sentence. Finally, it was the professional opinion of the affiant the Court had taken into account the Defendant's youth and potential for rehabilitation by imposing the mandatory minimum. Therefore, it was the affiant's advice appealing the sentence may not be wise.

13. That at all times the affiant discussed this matter with the Defendant, ROBERT G. MCCLAIN, the affiant was mindful and explained to Mr. McClain that one cannot be punished under the Constitution for exercising their right of appeal. However, it was explained to the Defendant the government does not have to agree and may appeal or cross appeal a judge's decision on sentencing. Should Mr. McClain file an appeal, the government could cross appeal the Defendant's sentencing giving rise to a very unpleasant outcome for Mr. McClain as a result of appealing his sentence.

14. Further, your affiant sayeth naught.

_____
Stephen M. Komie

Subscribed and Sworn to before me
this ____ day of December, 2005

_____
NOTARY PUBLIC

OFFICIAL SEAL
C JOY NOGLY
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES: 10/30/09

LAW OFFICES
Komie and Associates
One North LaSalle Street - Suite 4200
Chicago, Illinois 60602-4005
Telephone (312) 263-2800

3