## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT G. McCLAIN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 05-1187 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## O R D E R

This matter is before the Court on Petitioner, Robert McClain's ("McClain"), Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [#1]. For the reasons set forth below, McClain's Motion is DENIED.

### Background

On November 20, 2002, a federal grand jury returned a three-count indictment charging McClain in Count One with conspiring to distribute cocaine and cocaine base (crack), in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). Count Two alleged that McClain knowingly and intentionally distributed more than five (5) grams of a mixture or substance containing cocaine base (crack), in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). Count Three charged McClain with distributing more than fifty (50) grams of a mixture or substance containing cocaine base (crack), in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A).

On April 17, 2003, a superceding indictment was filed. The superceding indictment expanded the time frame of the conspiracy and added a new defendant. Counts Two and Three against McClain remained unchanged from the original indictment. On June 23,

2004, McClain pled guilty to Counts Two and Three and the Government dismissed Count One. On June 23, 2004, McClain was sentenced to 120 months on each of Counts Two and Three, to run concurrently, and five years of supervised release. McClain was also ordered to pay a special assessment of $200. McClain did not file a direct appeal.

On June 27, 2005, McClain filed the current Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. In his Motion, McClain argues that (1) he received ineffective assistance of counsel because his counsel advised him not to file a direct appeal of his sentence, and (2) the District Court erred when it imposed the statutory mandatory minimum sentence of ten years in accordance with 21 U.S.C. § 841(b)(1)(A) because he was in possession of cocaine base and not crack. The Government responded to the Motion arguing that (1) McClain's claim that his sentence is improper because he possessed cocaine base and not crack is not proper on a § 2255 Motion because McClain did not raise this argument on direct appeal, (2) even if McClain was able to raise this argument in a § 2255 Motion, he would be barred from doing so because he failed to raise the issue at his sentencing hearing or on direct appeal, and (3) McClain was advised of the mandatory minimum sentence. Finally, the Government argues that McClain's trial counsel was not ineffective because McClain was not prejudiced by his attorney's failure to appeal his sentence. On September 27, 2005, McClain filed a traverse to the Government's Response to his § 2255 Motion. In his traverse, McClain argues that the Government misconstrued his claims and argues that he only presented the issue of whether he possessed cocaine base or crack to show that he had a non-frivolous claim that could have been presented on direct review if his counsel had not persuaded him not to appeal. After reviewing the briefs submitted in this matter, the Court recognized that both the

Government and McClain had been unable to secure an affidavit from McClain's attorney. To avoid the unnecessary expense of requiring McClain's counsel to appear in person to testify regarding his conversations with McClain regarding the possibility of an appeal, the Court granted the Government leave to obtain an affidavit from McClain's counsel. As the affidavit has now been filed, this issue is fully briefed and this order follows.

## Discussion

A petitioner may avail himself of § 2255 relief only if he can show that there are "flaws in the conviction or sentence which are jurisdictional in nature, constitutional in magnitude or result in a complete miscarriage of justice." Boyer v. United States, 55 F.3d 296, 298 (7th Cir.), *cert. denied*, 116 S.Ct. 268 (1995). Section 2255 is limited to correcting errors that "vitiate the sentencing court's jurisdiction or are otherwise of constitutional magnitude." Guinan v. United States, 6 F.3d 468, 470 (7th Cir. 1993), *citing* Scott v. United States, 997 F.2d 340 (7th Cir. 1993). A § 2255 motion is not, however, a substitute for a direct appeal. Doe v. United States, 51 F.3d 693, 698 (7th Cir.), *cert denied*, 116 S.Ct. 205 (1995).

Three types of issues cannot be raised in § 2255 motions:

> (1) issues that were raised on direct appeal, absent a showing of changed circumstances; (2) nonconstitutional issues that could have been but were not raised on direct appeal; and (3) constitutional issues which were not raised on direct appeal, <u>unless</u> the section 2255 petitioner demonstrates cause for the procedural default as well as actual prejudice from failure to appeal.

Belford v. United States, 975 F.2d 310, 313 (7th Cir. 1992), *overruled on other grounds by* Castellanos v. United States, 26 F.3d 717, 720 (7th Cir. 1994) (emphasis in original).

McClain argues that his counsel was ineffective because he gave McClain bad advice regarding the likelihood of success on appeal and based on that advice, McClain decided not to appeal.  At the sentencing hearing, defense counsel had successfully argued that the Probation Department's recommended criminal history level of category V over-represented McClain's criminal history.  The Court agreed and adjusted McClain's criminal history level down to category III.  As a result, the minimum guideline range was lowered.  After the hearing, McClain allegedly informed his counsel that he wanted to appeal his sentence.  Counsel advised McClain that it might not be wise to appeal the sentence because the appellate court could reinstate the original criminal history category, which would lead to a harsher sentence.  McClain "decided to not appeal his sentence based on [defense counsel's] advice." (McClain's § 2255 Motion at 3.)  Where a defendant alleges that his counsel was constitutionally ineffective for failing to file a notice of appeal, the court applies the test announced in Strickland v. Washington, 466 U.S. 558, 688 (1984). Roe v. Flores-Ortega, 528 U.S. 470, 476–77 (2000).

Under Strickland, when a convicted defendant complains of ineffective counsel, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 687–88.  The courts, however, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 690.  A defendant must prove that he has been prejudiced by his counsel's representation by showing "a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

In this situation, McClain's attorney did not act unreasonably when he informed him of the possible outcomes of an appeal. McClain's counsel was correct when he informed him that the Government could have cross-appealed the district court's decision to apply a two-level downward departure or that McClain could have lost on appeal and then faced the possibility of receiving a higher sentence on remand. McClain argues in his brief that his attorney should have known that the Court of Appeals would have upheld the downward departure and that it was unlikely that the Government would have cross-appealed. However, the Court finds that it was not unreasonable for defense counsel to make McClain aware of the possible outcomes of an unsuccessful appeal. Even if it was unlikely that the Government would have filed a cross-appeal, the possibility existed for them to do so and defense counsel did not act unprofessionally when he advised McClain of this possibility. Additionally, although the Court of Appeals may have upheld the downward departure, that result is not guaranteed. Accordingly, defense counsel did not act unreasonably when he informed McClain of the various possible outcomes of an appeal.

Finally, McClain cannot now argue that his counsel was ineffective for failing to appeal because McClain told him that he did not want to appeal. The Seventh Circuit has held that a "lawyer need not appeal unless the client wants to pursue that avenue", *see* Castellanos v. United States, 26 F.3d 717, 719 (7th Cir. 1994). Here, McClain told his attorney that he did not want to appeal his sentence and therefore his attorney did not act unreasonably when he failed to file an appeal.

Finally, McClain argues that he does not need to show actual prejudice in this situation because his actual prejudice is the fact that he was denied an appeal. However, even assuming that McClain is correct, an issue which the Court does not address,

McClain's counsel was not ineffective because he did not act in an objectively unreasonable manner when he advised McClain regarding the potential outcomes of an appeal.

Moreover, the Court declines to address McClain's argument that he possessed cocaine base and not crack cocaine because this is a non-constitutional issue that could have been raised on direct appeal but wasn't. *See* Belford, 975 F.2d at 313, *overruled on other grounds by* Castellanos, 26 F.3d at 720. ,

## Conclusion

For the reasons set forth above, McClain's Motion to Vacate, Set Aside, or Correct Sentence pursuant to U.S.C. § 2255 [#1] is DENIED. This case is terminated.

ENTERED this 25th day of January, 2006.

s/ Michael M. Mihm
Michael M. Mihm
United States District Judge
