Robert McClain
Reg. No. 13118-026
FCI Pekin
P.O. Box 5000
Pekin, IL 61555-5000

FILED

APR 19 2006

JOHN M. WATERS, CLERK
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Appearing pro se

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
AT PEORIA

| | |
|---|---|
| ROBERT G. MCCLAIN, | No. 05-1187 |
| Petitioner, | |
| v. | REQUEST FOR A CERTIFICATE OF APPEALABILITY |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

Now comes, Robert McClain (hereafter "petitioner"), appearing pro se, and respectfully requests that this Court grant him a certificate of appealability on his motion to vacate under 28 U.S.C. § 2255. In support of this request, petitioner states as follows:

BACKGROUND

On November 20, 2002, a federal grand jury returned a three-count indictment alleging numerous violations of federal drug laws. A plea agreement was reached and petitioner on June 23, 2004, plead guilty to knowingly and intentionally distributing more than five grams and more than fifty grams of cocaine base in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(B).

On June 23, 2004, the district court held a sentencing hearing. The Probation Office had previously assessed a Sentencing Guidelines Criminal History category of III. See Sent., at 12-13. Ultimately, the court sentenced petitioner to 120 months imprisonment on Counts Two and Three to run concurrently. Sent., at 17. The 120-month term imposed was a result of the mandatory minimum sentence required by 21 U.S.C. § 841(b)(1)(A).

Shortly after sentencing, petitioner met with his attorney and family in the hallway of the District Court Building. See Declaration of Robert McClain, at ¶ 5 (attached to § 2255 motion). After discussing the sentence, petitioner informed his attorney, Stephen M. Comie, that he wished to appeal his sentence. McClain, at ¶ 6. Mr. Komie advised petitioner that if he chose to appeal, the prosecutor would cross-appeal the criminal history departure and that would in turn, lead to a harsher sentence if the appellate court agreed with the prosecutor. McClain, at ¶ 8. Based solely on his attorney's advice, petitioner decided against appealing his sentence.

On June 27, 2005, McClain filed a Motion to Vacate pursuant to 28 U.S.C. § 2255. In the motion petitioner argued that (1) he received ineffective assistance of counsel because counsel issued erroneous legal advice regarding an appeal and this advice led petitioner to abandon his sentencing appeal; (2) the district court erred when it imposed the statutory mandatory minimum ten-year sentence because petitioner was in possession of cocaine base rather than crack cocaine.

The Government responded to the § 2255 motion and argued that (1) petitioner procedurally defaulted his sentencing claims by not raising it on direct appeal; (2) petitioner was advised of the mandatory minimum sentence; and (3) petitioner's trial counsel was not ineffective because petitioner was not prejudiced by his attorney's failure to appeal the sentence.

Although no evidentiary hearing was held, trial counsel did submit an affidavit which related to his post sentencing advice which corroborated petitioner's § 2255 motion.

On January 25, 2006, the district court denied petitioner's § 2255 motion. In reviewing the performance of counsel the court stated:

> In this situation, McClain's attorney did not act unreasonably when he informed him of the possible outcome of an appeal. McClain's counsel was correct when he informed him that the Government could have cross-appealed the district court's decision to apply a two-level downward departure or that McClain could have lost on appeal and then faced the possibility of receiving a higher sentence on remand. McClain argues in his brief that his attorney should have known that the Court of Appeals would have upheld the downward departure and that it was unlikely that the Government would have cross-appealed. However, the Court finds that it was not unreasonable for defense counsel to make McClain aware of the possible outcomes of an unsuccessful appeal. Even if it was unlikely that the Government would have filed a cross-appeal, the possibility existed for them to do so and defense counsel did not act unprofessionally when he advised McClain of this possibility. Additionally, although the Court of Appeals may have upheld the downward departure, that result is not guaranteed. Accordingly, defense counsel did not act unreasonably when he informed McClain of the various possible outcomes of an appeal.

Order, at 5. Since the court found that counsel's performance was reasonable, the court never considered whether counsel's actions prejudiced petitioner from otherwise taking an appeal. See Order, at 5-6.

## STANDARD FOR GRANTING A
## CERTIFICATE OF APPEALABILITY

In accordance with 28 U.S.C. § 2253(c), a habeas petitioner may appeal only those issues for which a certificate of appealability (hereinafter "COA") has been granted. Porter v. Gramley, 112 F.3d 1308, 1312 (7th Cir.1997). In order to issue a COA where a district court rejected a habeas petitioner's constitutional claims on the merits, "the showing required to satisfy § 2253(c) is straightforward: the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473 (2000); see also Rutledge v. United States, 230 F.3d 1041, 1047 (7th Cir.2000). Where a petitioner was denied on procedural grounds, "a COA should issue when a prisoner shows ... that jurists would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

Petitioner's instant request for a COA is two fold. First, it is debatable whether the district court should have granted an evidentiary hearing. Second, it is debatable whether petitioner received ineffective assistance of counsel. Accordingly, COA should issue.

I.  **IT IS DEBATABLE WHETHER PETITIONER RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL**

Petitioner maintains that counsel erroneously advised him regarding the outcomes of an appeal and that without this erroneous advice, petitioner would have taken and appeal. Shortly after

4

sentencing counsel informed petitioner that if an appeal was taken, the government would most likely cross-appeal the district court's criminal history departure. If this happened, counsel believed that the Court of Appeals would remand the sentence and require the district court to reinstate the higher criminal history category. Taken together, counsel implied that an appeal would lead to an increased sentence. Relying solely on counsel's advice, petitioner decided against appealing his sentence even though he had previously stated his intention to appeal. Based on these facts, counsel was ineffective.

To obtain relief under 28 U.S.C. § 2255 on the grounds of ineffective assistance of counsel a petitioner must establish (1) that his lawyer's performance was deficient as compared to an objective standard of reasonableness, and that (2) that there is a reasonable probability that the lawyer's errors prejudiced the outcome of the proceedings against him. Strickland v. Washington, 466 U.S. 668, 687 (1984). When a lawyer's deficient performance deprives a defendant of an appeal altogether then the prejudice inquiry is altered from the usual adverse effect inquiry. Roe v. Flores-Ortega, 528 U.S. 470, 482-83 (2000). In those cases, a defendant must demonstrate that there is a reasonable probability that, but for counsel's errors he would have timely appealed. Id. at 584.

5

Against this backdrop, counsel's advice was erroneous and unreasonable. Counsel's advice after sentencing, that an appeal would result in a government cross-appeal and lead to an increased sentence fails to withstand the appropriate standards of objective reasonableness. There is no indication in the record that the government would have appealed the district court's criminal history departure had petitioner exercised his appellate rights. To the contrary, at sentencing the government conceded that the district court possessed the discretion for the departure and to date, the government has never claimed that they would have cross-appealed. Given this concession at sentencing and on response to the § 2255 motion, it is clear that no possibility of a cross-appeal existed. As such, counsel's advice to the contrary was unreasonable.

Furthermore, even if the government had cross-appealed the departure it would have been upheld by the appellate court. The district court departed under Section 4A1.3 of the Sentencing Guidelines because petitioner's criminal history was overrepresented. The departure was based upon petitioner's age and the minor nature of his prior convictions. Both of these factors have been routinely upheld in the Court of Appeals. See e.g., United States v. Abbott, 30 F.3d 71, 72-73 (7th Cir.1994); United States v. Mishoe, 241 F.3d 214, 219 (2nd Cir.2001); United States v. Brown, 903 F.3d 540, 544-45 (8th Cir.1990). Most departures under U.S.S.G. § 4A1.3 are upheld because the Sentencing Commission "specifically provided the district

courts with flexibility to adjust the criminal history category." United States v. Shoupe, 988 F.2d 440, 445 (3d Cir.1993). Given these facts and legal principles, the departure in this case would have been upheld by the appellate court. Once again, counsel's adive was unreasonable.

The district court, however, took a different view. The court concluded that counsel did not act unreasonably when he advised petitioner regarding the outcomes of an appeal. This is so, the court noted, even if it was unlikely that the government would cross-appeal and because an affirmance of the criminal history was not guaranteed on appeal. Also, the court held that petitioner could not now argue that his counsel was ineffective given that petitioner told counsel that he did not want to appeal.
The district court's ruling is suspect given the facts of this case. As noted above, there is no indication that the government ever considered cross-appealing. Given the remote chance of a cross-appeal and a subsequent overturning of the district court's departure, counsel's prediction of an outcome that could not happen could never amount to reasonable performance. If it could, defendants would routinely forego their appellate rights based upon some hypothetical scenario given by counsel in which the defendant could receive an increased sentence. Counsel's advice here was not based upon professional judgment.

Instead, counsel's adive was based upon a mistaken belief of the facts and applicable law.  Also, contrary to the district court, petitioner can now allege ineffective assistance because petitioner told counsel he wanted to appeal but was coerced out of this decision by counsel's erroneous advice.

Finally, the district court seemed to hold that counsel's advice regarding a possible outcome of the appeal was a strategic objectively reasonable decision regardless of whether that outcome was indeed impossible.  However, this view fails to take account that a lawyer's advice must be based on professional skill and judgment which includes a familiarity of the facts and law directly relevant to that advice.  See Williams v. Taylor, 529 U.S. 362, 395 (2000); Pavel v. Hollins, 261 F.3d 210, 218 n.11 (2nd Cir.2001) (collecting cases and discussing how decisions made when counsel misunderstood relevant law or facts are defficient performance). Here, counsel did not allege that the prosecutor mentioned the possibility of a cross-appeal, nor did counsel allege that he researched the likelihood of the appellate court overturning the district court's departure.  Rather, counsel issued his prediction of possible outcomes immediately following sentencing.  As such, an inference can be drawn that counsel failed to analyze or research this issue before advising petitioner.  Where erroneous advice "stems from a failure to review the statue or caselaw that the attorney knew to be relevant ... the deficient performance prong is met."  Moore v. Bryant, 348 F.3d 238, 242 (7th Cir.2003).

With regard to the prejudice prong, petitioner submitted a declaration and affidavit stating that he wished to appeal his sentence prior to counsel's erroneous advice. Furthermore, petitioner presented a non-frivolous ground to appeal: that the district court erred in determining his distribution of crack cocaine rather than cocaine base for statutory purposes under <u>United States v. Edwards</u>, 397 F.3d 570 (7th Cir.2005). Under <u>Flores-Ortega</u>, these averments constituted prejudice and counsel was ineffective.

Given the facts of this case, it is debatable whether the district court's merit ruling was correct and a COA should be issued.

## II. IT IS DEBATABLE THAT THE DISTRICT COURT SHOULD HAVE GRANTED AN EVIDENTIARY HEARING.

Section 2255 provides that "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall ... grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2252. Under the statue, evidentiary hearings are required if: (1) the petitioner alleges facts that, if proved, entitle the petitioner to relief; or (2) there is a material factual dispute. See e.g., <u>Townsend v. Sain</u>, 372 U.S. 293, 312 (1963); <u>Daniels v. United States</u>, 54 F.3d 290, 293 (7th Cir.1995)(granting evidentiary hearing on § 2255 petition based on conflicting evidence contained in sworn affidavits of petitioner and his former attorney). As shown above, petitioner

9

petitioner alleged facts which, if proved, amount to ineffective assistance of counsel. Accordingly, the court should have granted an evidentiary hearing.

Also, there are material factual disputes between petitioner and his former attorney. For example, counsel maintains that his advice regarding the cross-appeal and overturning of the departure were one of many outcomes that he predicted. Whereas, petitioner alleged the counsel's advice was not what might happen but what would happen if petitioner decided to pursue an appeal. Finally, the district court never mentioned or considered the conflicting declarations and affidavits submitted by petitioner. Based on the factual dispute between the affidavits submitted by petitioner and the one submitted by counsel an evidentiary hearing should have been held. It is therefore debatable whether the district court's denial of a hearing was correct and a COA should issue.

## CONCLUSION

**WHEREFORE,** petitioner prays that COA issue in this matter.

Dated: April 8, 2006

Respectfully submitted,

Robert McClain
Reg. No. 13118-026
FCI Pekin
P.O. Box 5000
Pekin, IL 61555-5000

Appearing Pro Se

CERTIFICATE

I, Robert McClain, hereby certify that I have placed a true and correct copy of the foregoing in the U.S. Mail firstclass postage prepaid and properly addressed to the following on this 8th day of April, 2006.

K. Tate Chambers
United States Attorney's Office
One Technology Plaza
211 Fulton Street, Suite 400
Peoria, IL 61602

Robert McClain