UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT G. McCLAIN, | ) |
| Petitioner, | ) |
| v. | ) Case No. 05-1187 |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

**O R D E R**

This matter is before the Court on Petitioner, Robert McClain's ("McClain"), Motion for a Certificate of Appealability [#14]. For the reasons set forth below, McClain's Motion is DENIED.

**Background**

On November 20, 2002, a federal grand jury returned a three-count indictment charging McClain in Count One with conspiring to distribute cocaine and cocaine base (crack), in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). Count Two alleged that McClain knowingly and intentionally distributed more than five (5) grams of a mixture or substance containing cocaine base (crack), in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). Count Three charged McClain with distributing more than fifty (50) grams of a mixture or substance containing cocaine base (crack), in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A).

On April 17, 2003, a superceding indictment was filed. The superceding indictment expanded the time frame of the conspiracy and added a new defendant. Counts Two and Three against McClain remained unchanged from the original indictment. On June 23,

2004, McClain pled guilty to Counts Two and Three and the Government dismissed Count One.  On June 23, 2004, McClain was sentenced to 120 months on each of Counts Two and Three, to run concurrently, and five years of supervised release.  McClain was also ordered to pay a special assessment of $200.  McClain did not file a direct appeal.

On June 27, 2005, McClain filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.  In his Motion, McClain argued that he received ineffective assistance of counsel because his counsel advised him not to file a direct appeal of his sentence and that he had a non-frivolous claim that could have been presented on direct review if his counsel had not persuaded him not to appeal.  The Court denied McClain's motion because the Court found that McClain's counsel did not act unreasonably when he advised McClain of the possible outcome of an appeal.  McClain has now filed a motion for a certificate of appealability so that he may appeal the denial of his § 2255 motion.

**Discussion**

As amended by the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2255 now requires the issuance of a certificate of appealability prior to obtaining appellate review. A certificate may only issue if the applicant makes a substantial showing of the denial of a constitutional right. The certificate must specify what issue(s) merit appellate review.

In this case, McClain raised one claim in his § 2255 motion.  He claimed that his right to effective assistance of counsel was violated because his attorney gave him false information regarding the possible outcomes that might result if McClain chose to file a direct appeal. In reviewing his claim according to the analysis in *Strickland v. Washington*, 466 U.S. 558 (1984), the Court found that McClain's attorney did not act unreasonably

when he informed McClain that an appeal could result in the Government filing a cross-appeal or the Court of Appeals disagreeing with the District Court's decision to grant a two-level downward departure. McClain now argues that this Court should grant the Certificate of Appealability because (1) the Court erred in finding that his attorney's actions were reasonable, and (2) the Court erred in not holding an evidentiary hearing on the question of ineffectiveness.

Regarding the Court's finding that counsel was not ineffective, the Court cannot find that McClain has made a substantial showing of the denial of a constitutional right. McClain bases his arguments on the fact that there was no indication throughout his sentencing or other proceedings that (1) if he had appealed his conviction, the Government would have filed a cross-appeal; and (2) the Court of Appeals would not have upheld the District Court's two-level downward departure. As this Court pointed out in the denial of McClain's § 2255 motion, it was not unreasonable for defense counsel to make McClain aware of the possible outcomes on appeal. McClain admits in the instant motion that:

> Shortly after sentencing counsel informed [McClain] that if an appeal was taken, the government would most likely cross-appeal the district court's criminal history departure. If this happened, counsel believed that the Court of Appeals would remand the sentence and require the district court to reinstate the higher criminal history category. Taken together, counsel implied that an appeal would lead to an increased sentence.

(McClain's Mot. for Certificate of Appealability, at 5.) As McClain admits that his attorney advised him that it was possible that the Government might appeal or that the Court of Appeals may remand the case to reinstate the higher criminal history, the Court cannot find

that McClain's counsel acted unreasonably and therefore McClain has failed to make a substantial showing of the denial of a constitutional right.

Finally, McClain argues that this Court erred when it did not grant McClain an evidentiary hearing on the issue of whether his counsel was ineffective. McClain points to 28 U.S.C. § 2255 in support of his argument. Under 28 U.S.C. § 2255, "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255. Here, a review of the record of this case indicates that the motions and affidavits filed in this case conclusively established that McClain's Sixth Amendment right to effective assistance of counsel was not violated when his attorney made him aware of what could result on appeal. Moreover, although McClain claims that his counsel only told him what "would" happen on appeal and not what "could" happen, that does not make his assistance ineffective. An attorney who describes the worst case scenario to his client is not ineffective. Accordingly, the Court does not believe that an evidentiary hearing would have assisted the Court in its review of McClain's § 2255 motion.

McClain has failed to make a substantial showing of the denial of a constitutional right, as no claims raised before this Court come close to presenting issues debatable among jurists of reason under the present state of the law. Finding no issue in this proceeding which warrants appellate review, the Court cannot in good faith issue a certificate of appealability for McClain's § 2255 Motion.

## Conclusion

For the reasons set forth above, McClain's Motion for Certificate of Appealability [#14] is DENIED.  This case is terminated.

ENTERED this 26thday of April, 2006.


    s/Michael M. Mihm
Michael M. Mihm
United States District Judge